Robinson, J.
This is a proceeding to condemn defendant’s property for the purpose of opening and establishing Cottey street in the city of Edina, Knox county, a city of the fourth class.
The mayor and board of aldermen, proceeding under section 1589 of the Revised Statutes, 1889, providing for the appropriation of private property for street purposes in cities of the fourth class, on the first day of May, 1893, appointed commissioners to assess defendant’s damages for the taking of her property. On the fifth day of June of the same year, the commissioners found and reported to the board of aldermen that defendant sustained no damages by reason of the opening of said street. On the third day of July following, the mayor and board of aldermen caused to be entered upon the journal of their proceedings an order approving the report of the commissioners.
On the thirteenth day of Julyklefendant duly filed her written exceptions to the commissioners’ report, in the office of the clerk of Knox circuit court, and on the seventeenth day of October of the same year gave plaintiff written notice of appeal from the order approving the report of the commissioners, which notice and the service thereof, omitting caption, is as follows:

*359
11 To the Board of Aldermen of the City of Edina, Knox County, Missouri.

“You are hereby notified that I have appealed from your order approving the report of the commissioners (Rufus M. Ringer, William J. Slaughter and V. E. Lycan) appointed by you on the the first day of May, 1893, to assess damages to me and others for the location and establishment of Oottey street on and over my lands in said city of Edina. Said report being-dated the fifth day of June, 1893; and said order of approval being dated the third day of July 1893; and that said appeal is taken to said circuit court of Knox county, Missouri, from said order of approval and from said report of said commissioners and from all orders or proceedings of said board of aldermen in said premises.
“Given under my hand this tenth day of October, 1893. Maby L. Shoot, Appellant.
“By G-. R. Baltheope, her Attorney.
“State oe Missouei, \ “County of Knox. J
“I hereby certify that I served the within writ and foregoing notice on the board of aldermen of the city of Edina, Knox county, Missouri, by delivering a true copy to Cyrus R. Fowler, mayor, and by delivering- a true copy of the same to each of the following named aldermen of said city, to wit: John Granger, Samuel Randolph, Custer Sharp, James Cody, Frank Gordon and John Ennis, clerk of said board.
“Done at said city of Edina, on this seventeenth day of October, A. D. 1893.
“W. H. Fickel,
“Sheriff Knox County, Missouri.”
At the time of the service of the notice the board of aldermen was not in session.
*360 Afterward, on the eighth day of December, 1893, at the December term of the Knox circuit court, plaintiff filed in said condemnation proceedings a motion to strike the case from the docket upon the grounds:
“First. It is an attempt to take an appeal from the action of the board of aldermen of said city in approving and confirming the report of commissioners, - appointed by the mayor and board of aldermen of said, city, to assess damages, if any, done to plaintiff’s property by the location and opening of a certain street in said city, which said report was approved by plaintiff’s board of aldermen, July 3, 1893.
“Second. Because the defendant failed to give written notice of such appeal to said board of aldermen at least fifteen days before the first day of the term te which said appeal is taken.
“Third. Because the defendant has not given plaintiff’s board off aldermen written notice of her intention to take an appeal in said cause fifteen days before the first day of this term of this court as required by the statutes in such appeal.
“Fourth. Because the defendant has filed no affidavit with plaintiff’s • mayor or board of aldermen stating that she was aggrieved by the judgment and order of said board of aldermen approving said report of commissioners, July 3, 1893.
Fifth. Because no appeal has been taken from the action of said board of aldermen approving said report, and this court has acquired no jurisdiction of said cause.”
On the hearing of this motion plaintiff read in evidence an ordinance of the city of Edina showing that the regular meetings of the board of aldermen were required to be held at the office of the mayor on the first Monday of each month. The city clerk testified that there was no meeting of the board of aldermen on *361 the seventeenth day of October, 1893; that regular meetings of the board of aldermen were held on the first Monday of September, October and November, 1893. Both the clerk and the mayor testified that defendant never filed with them or either of them any affidavit for appeal.
The court overruled plaintiff’s motion to strike the case from the docket, whereupon plaintiff’s counsel abandoned the case and refused to further appear therein. The court sustained defendant’s exceptions to the report of the commissioners, and on defendant’s motion appointed new commissioners to assess the damages to which defendant was entitled by reason of the appropriation of her land.
The commissioners so appointed filed their report December 21, 1893, awarding the defendant $75 damages. On the thirtieth of December following, and during the same term of court, no exceptions having been filed, the report of the commissioners was approved, and a judgment entered condemning the land sought to be appropriated. After an ineffectual motion for a new trial and in arrest, plaintiff appealed to this court and assigns for error the action of the court in overruling the motion to strike the case from the docket.
The principal question in this case is whether the service of the notice of appeal is sufficient. It is contended by plaintiff’s counsel that in order to confer jurisdiction on the circuit court it is essential that such notice should be served upon the board of aldermen as an organized body, when assembled together in a meeting as the board of aldermen. "We do not think this contention tenable. Section 1589 of the Revised Statutes of 1889, provides:
“All persons injured by such assessment may' appeal to the circuit court of the county by filing writ *362 ten exceptions to such report in the office of the clerk of said court, within ten days after the approval of said report by said board of aldermen, and giving written notice of such appeal to said board of aldermen, at least fifteen days before the first day of the term to which said appeal is taken; and the circuit court, on such appeal, shall be possessed of the case, and proceed therewith to final judgment according to law, or may make such order therein as right -and justice may require, and may order a new appraisement upon good cause shown, to be returned to and acted upon in said court at the same or any subsequent term thereof.”
The statute does not require an affidavit to be filed, nor is the manner of giving notice provided for. It appears from the testimony of the city clerk that at the time of the service of the notice of appeal the board of aldermen were not assembled together in a meeting as the board of aldermen, but it clearly appears that the service was had upon the city clerk, mayor and board of aldermen in their official and not individual capacity. We think the service in this case is a substantial compliance with the statute, and that the action of the circuit court in overruling plaintiff’s motion to strike the case from the docket was right.
The objection made by appellant, that it was not the business of the sheriff, who is purely a ministerial officer, to determine who constituted the board of aldermen of Edina, and his declaration to that effect in his return, were ineffectual to give the court jurisdiction of the case, is without merit. In all eases of service of notice or summons on corporations the return of the sheriff that he served A. B. as president or clerk or agent of the corporation is presumptive evidence, of the fact and gave the court jurisdiction to proceed against the corporation, nothing to the contrary appearing, and so in this case the return of service on *363 Cyrus R. Eowler, as mayor, and John Granger and others, as aldermen, and John Ennis, as clerk of the board, will be held a good notice to the city, unless the return of the sheriff is disputed that the parties are not mayor and board of aldermen and clerk as certified and returned by him;
While the authorities are consistent and uniform in holding that the aldermen could only act when assembled together in a meeting as a board of aldermen, and that two or more of the aldermen acting separately and independently of the others could not bind the city by any contract they might make, yet, in the absence of a special statutory provision it does not follow that, in a proceeding to condemn defendant’s land for street purposes, conducted in conformity with section 1589, of the Revised Statutes of 1889, in order to obtain a review of the condemnation proceedings before the board of aldermen, the landowner must serve the board of aldermen with notice of appeal while actually in session or during a meeting of such board. To hold otherwise would, in many instances, amount to a denial of the right to appeal. Besides, by failing to meet at the appointed time the board could absolutely prevent any appeal whatever from being taken and thereby defeat thq beneficent object of the statute. The authorities relied upon by plaintiff’s counsel do hot militate against the view herein expressed. The judgment is therefore affirmed.
All of this division concur.